UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHERYL DICOB and
ROBERT DICOB,

       Plaintiffs,

   v.             05-cv-0871

JPMORGAN CHASE BANK, et al,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs have moved for a temporary restraining order enjoining Defendants from proceeding with a proposed public auction of Plaintiffs' home. For the following reasons, the motion is DENIED.

To obtain injunctive relief, Plaintiffs have the burden of demonstrating (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party. Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005).

Assuming, *arguendo*, that the sale of their home would constitute irreparable harm, Plaintiffs have failed to make the required second showing. Plaintiffs make no argument that they are likely to succeed on the merits or that there are sufficiently serious questions going

to the merits to make them a fair ground for litigation and that the balance of hardships tips decidedly in their favor.  A cursory review of Plaintiffs' Complaint suggests that they are unlikely to succeed on any claims that would have an impact on the sale of their home.  The federal claims asserted are for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and racketeering, 18 U.S.C. § 1961 et seq.  Even if Plaintiffs were to succeed on any or all of these claims, it would not impact the sale of their home.

Plaintiffs do bring a claim to quiet title and seek a judgment declaring that, among other things, Defendants "did not lend any money", "have no ownership interest in the" property, and "have no secured interest in Plaintiff's property." Amended Compl. at ¶¶ 29-33, 43-51.  This Court cannot entertain those claims because of the judgment of foreclosure entered against Plaintiffs in state court.  The Rooker-Feldman doctrine precludes federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005); see Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005).  Through their action to quiet title and the requested declaratory relief, Plaintiffs are complaining of an injury (the impending public auction of their home) caused by a state court judgment (the judgment of foreclosure) that was rendered in 2003, long before the proceedings in this Court.  Because the state court judgment of foreclosure caused Defendants' proposed actions that Plaintiffs seek to enjoin (the upcoming public auction of the property), the Rooker-Feldman doctrine applies here.  Hoblock, 422 F.3d at

88. Accordingly, the Court does not have jurisdiction over those claims regarding the property.

For the foregoing reasons, Plaintiffs' motion is DENIED. The Court further notes that Plaintiffs commenced this action on July 13, 2005. Unless Plaintiffs submit proof within eleven days that they effectuated service on Defendants on or before today's date, November 10, 2005, this action will be dismissed without prejudice. See Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:November 10,2005

Thomas J. McAvoy
Senior, U.S. District Judge